BRETT J. WILLIAMSON (S.B. #145235)
bwilliamson@omm.com
MICHAEL L. MYERS (S.B. #240652)
mmyers@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone:   (949) 760-9600
Facsimile:    (949) 823-6994

WILLIAM C. NORVELL, JR. (*pro hac vice*)
wcnorvell@bmpllp.com
SCOTT D. MARRS (*pro hac vice*)
smarrs@bmpllp.com
BEIRNE, MAYNARD & PARSONS L.L.P.
1300 Post Oak Boulevard, Suite 2500
Houston, Texas 77056
Telephone:   (713) 623-0887
Facsimile:    (713) 960-1527

Attorneys for Plaintiff and Counterdefendant
Richard A. Williamson, on behalf of and as
Trustee for At Home Bondholders' Liquidating
Trust

See Signature Block For Names Of Attorneys
For Defendants

**NOTE CHANGES MADE BY COURT**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| RICHARD A. WILLIAMSON, ON BEHALF OF AND AS TRUSTEE FOR AT HOME BONDHOLDERS' LIQUIDATING TRUST, <br><br> Plaintiff, <br><br> vs. <br><br> CITRIX ONLINE, LLC, et al., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | Case No.:  2:11-CV-02409 AHM (JEMx) <br><br> [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

# STIPULATED PROTECTIVE ORDER

Plaintiff Richard A. Williamson, on behalf of and as Trustee for At Home Bondholders' Liquidating Trust ("Plaintiff") and Defendants Adobe Systems, Inc. ("Adobe"); Blackboard Inc., Wimba, Inc., and Elluminate USA, Inc.; WebEx Communications, Inc., Cisco WebEx LLC, and Cisco Systems, Inc.; Citrix Online, LLC and Citrix Systems, Inc.; DimDim, Inc. and Salesforce.com, Inc.; Fuzebox, Inc. ("Fuzebox"); International Business Machines Corporation ("IBM"); WYBS, Inc. d.b.a. MerchantCircle, Inc. ("MerchantCircle"); Microsoft Corporation ("Microsoft"); and TokBox, Inc. ("TokBox") (collectively referred to as the "Defendants") recognize that the parties and third parties may be required, pursuant to discovery, to disclose confidential, proprietary, trade secret, or private information in *At Home v. Citrix Online, LLC, et al.*, No. CV11-02409 AHM (JEMx) and any adjunct subpoena proceedings incident hereto before any tribunal (collectively the "Litigation"). To protect against the improper use or disclosure of such information, the parties agree that good cause exists for the entry of this Protective Order pursuant to Rule 26(c), in the above-captioned action as evidenced by the signatures of respective counsel, and accordingly stipulate as follows:

## IT IS HEREBY ORDERED BY STIPULATION OF THE PARTIES THAT:
## INFORMATION SUBJECT TO THIS ORDER

1.      This Protective Order shall apply to all information, documents and things subject to discovery in this Litigation produced either by a party or a non-party in discovery including, without limitation, testimony adduced at any hearing or deposition upon oral examination or upon written questions, answers to interrogatories, documents and things produced, information obtained from inspection of premises or things, and answers to requests for admission, or information disclosed pursuant to subpoena under Fed. R. Civ. P. 45 ("Discovery Material").

2.      For the purposes of this Order, "Confidential Information" shall mean

1   proprietary information not generally known to the public that the designating party

2   would not disclose to competitors or third parties within the ordinary course of

3   business.  Discovery Material containing Confidential Information is referred to as

4   "Confidential Material."

5        3.    Particular examples of Confidential Information include, without

6   limitation, internal engineering, marketing, or financial documents, documents

7   containing information regarded by third parties as confidential; information

8   disclosing customer identity or customer actions, information containing

9   engineering, marketing, or sales information not generally available to the public,

10  information concerning competitive analysis, pending but unpublished patent

11  applications, information concerning research, development and other activities

12  related to unreleased products, license agreements, trade secrets (as defined in Cal.

13  Civil Code § 3426.1), know-how, pricing data, financial data, customer-confidential

14  information, agreements or relationships with non-parties, market projections or

15  forecasts, strategic business plans, information about employees, and other highly

16  confidential technical, research and development, and financial information.

17       4.    The following is not Confidential Material:  (i) material which, on its

18  face, shows or which, through other evidence, the receiving party can show has

19  been published to the general public; (ii) information that the receiving party can

20  show was lawfully in the receiving party's possession prior to being designated as

21  Confidential Material in this litigation and that the receiving party is not otherwise

22  obligated to treat as confidential; (iii) information that the receiving party can show

23  was obtained (without any benefit or use of Confidential Material) from a third

24  party having the right to disclose such information to the receiving party without

25  restriction or obligation of confidentiality; (iv) information which, after its

26  disclosure to a receiving party, is published to the general public by a party having

27  the right to publish such information; (v) information that the receiving party can

28  show by written record was independently developed by it after the time of

CASE NO. CV11-02409 AHM (JEMX)
[PROPOSED] STIPULATED PROTECTIVE ORDER

1   disclosure by personnel who did not have access to the producing party's

2   Confidential Material; or (vi) information that was submitted to a governmental

3   entity without request for confidential treatment.

4   ## DESIGNATING PROTECTED INFORMATION

5       5.      In determining the scope of information that a party may designate as

6   its Confidential Material, each party acknowledges the importance of client access

7   to information necessary to client decision-making in the prosecution or defense of

8   litigation, and therefore agrees that designations of information as Confidential

9   Material and responses to requests to permit further disclosure of Confidential

10  Material shall be made in good faith and not (1) to impose burden or delay on an

11  opposing party or (2) for tactical or other advantage in litigation.

12      6.      All designations of Confidential material shall be made in good faith.

13      7.      The producing party shall label or mark each document and thing that

14  it deems to be Confidential Materials with the following term:

15  ### "CONFIDENTIAL — OUTSIDE COUNSEL ONLY"

16      8.      The parties acknowledge that a distinct level of protection is required

17  for certain Confidential Materials as to which CONFIDENTIAL — OUTSIDE

18  COUNSEL ONLY designation would not provide adequate protection to the

19  interests of the designating party and whose wrongful dissemination could result in

20  irreparable harm to the designating party.  Such information may be designated as

21  "Highly Restricted Confidential" by labeling or marking each such document or

22  thing with one of the following terms:

23  ### "HIGHLY RESTRICTED CONFIDENTIAL"

24  Such designations shall be used only for source code, executable code, microcode,

25  RTL, HDL, or other documents or electronic files used in network operations,

26  comments for source code or network operation files, revision histories, or other

27  material whose wrongful dissemination could result in irreparable harm to the

28  designating party.

CASE NO. CV11-02409 AHM (JEMX)
[PROPOSED] STIPULATED PROTECTIVE ORDER

9.     The labeling or marking of a document or tangible thing with the designation "CONFIDENTIAL — OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL" shall be made when a copy of the document or thing is provided to the receiving party by placing the legend "CONFIDENTIAL — OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL" on the face of each such document or thing.

10.     Any such designation that is inadvertently omitted or mis-designated may be corrected by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as "CONFIDENTIAL — OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL" as appropriate, and such material shall be subject to this Protective Order as if it had been initially so designated.  If, prior to receiving such notice, the receiving party has disseminated the Confidential Material to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Material or to otherwise assure that the recipient(s) properly mark the Confidential Material and maintain the confidentiality of the Confidential Material, but shall have no other responsibility or obligation with respect to the information disseminated.

11.     In the case of deposition upon oral examination or written questions, such testimony shall be deemed "CONFIDENTIAL — OUTSIDE COUNSEL ONLY" until the expiration of thirty (30) days after the deposition unless otherwise designated at the time of the deposition or during the thirty (30) day period.  Pages or entire transcripts of testimony given at a deposition or hearing may be designated as containing "CONFIDENTIAL — OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL" information by an appropriate statement either at the time of the giving of such testimony or by written notification within thirty (30) days after the deposition.  If the testimony is not otherwise designated at the time of the deposition or during the thirty (30) day period after the deposition, the

testimony will not be deemed Confidential Material.

12.     In the case of written discovery responses and the information contained therein, the responses may be designated as containing "CONFIDENTIAL — OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL" information by means of a statement at the conclusion of each response that contains such information specifying the level of designation of the Confidential Information and by placing a legend of the front page of such discovery responses stating:  "CONTAINS CONFIDENTIAL INFORMATION/[the highest level of designation contained in the answers]."  Any such designation that is inadvertently omitted or mis-designated may be corrected within thirty (30) days of service of such discovery responses by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as "CONFIDENTIAL — OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL," as appropriate, and such material shall be subject to this Protective Order as if it had been initially so designated.  If, prior to receiving such notice, the receiving party has disseminated the Confidential Material to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Material or to otherwise assure that the recipient(s) properly mark and maintain the confidentiality of the Confidential Material, but shall have no other responsibility or obligation with respect to the information disseminated.

13.     In the case of Confidential Information not reduced to documentary or tangible form or which cannot be conveniently designated as set forth above, such information may be designated "CONFIDENTIAL — OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL" information by informing the receiving party of the designation in writing either at the time of transfer of such information or within thirty (30) days after the transfer of such information.

14.     Any documents or tangible things other than source code made

CASE NO. CV11-02409 AHM (JEMX)
[PROPOSED] STIPULATED PROTECTIVE ORDER

available for inspection prior to producing copies of selected items shall initially be deemed "CONFIDENTIAL — OUTSIDE COUNSEL ONLY" unless otherwise designated at the time of inspection and shall be subject to this Protective Order. Thereafter, the producing party shall have a reasonable time to review and designate the documents as set forth in paragraph 9 above prior to furnishing copies to the receiving party.  Treatment of source code is addressed separately herein.

**Disclosing Protected Information Designated**

**CONFIDENTIAL — OUTSIDE COUNSEL ONLY**

15.    CONFIDENTIAL — OUTSIDE COUNSEL ONLY material and any information contained therein shall be disclosed only to the following persons:

a.    Outside counsel of record in this action for the receiving party, including both local and trial counsel, provided such persons agree to be bound by this Protective Order (an appearance by such counsel shall be deemed agreement). Such outside counsel is subject to the patent prosecution bar set forth elsewhere (e.g., paragraph 21) of this Order.

b.    Employees and agents of such counsel including paralegals, litigation support services, secretarial and clerical staff as well as the following categories of persons provided that such persons have no involvement in addressing any matter regarding the substantive issues in the case:  independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; and non–technical jury or trial consulting services (expressly excluding mock jurors) provided such individuals agree in writing to be bound by this Protective Order;

c.    The Court, its personnel and stenographic reporters (with such CONFIDENTIAL — OUTSIDE COUNSEL ONLY Material having been filed

1   under seal or with other suitable precautions as determined by the Court);

2         d.    At a deposition, any person who authored or previously received

3   the Confidential Material and, subject to timely objection including objection that

4   such person is not internally authorized to receive such information, any person

5   currently employed by the designating party; and

6         e.    Any independent expert or consultant, and any employee or

7   assistant under the control of such expert or consultant, who (1) is engaged by

8   counsel of record in this action, whether or not such expert or consultant is paid

9   directly by a party, and (2) is not regularly employed by or associated with a party

10  hereto, other than by the designating party, provided however that disclosure to

11  such persons shall be made only on the conditions set forth in paragraph 22 below.

12        f.    With respect to financial information consisting of revenues and

13  profits derived from the defendants' accused products and any brief filed by a

14  defendant or expert report served by a defendant on Plaintiff, Richard A.

15  Williamson and Robert Polifka, who act in a legal capacity for Plaintiff and are

16  responsible for supervising this litigation, provided such persons agree to be bound

17  by this Protective Order.

18        g.    With respect to any brief filed by Plaintiff or expert report

19  served by Plaintiff on a Defendant, up to two (2) in-house counsel in the exclusive

20  employment of that Defendant or its parent corporation and who presently is not

21  directly involved in patent prosecution activities or other competitive decision-

22  making provided such individuals agree in writing to be bound by this Order.

23  **Disclosing Protected Information Designated**

24  **HIGHLY RESTRICTED CONFIDENTIAL**

25      16.   Inspection of Source Code.  To the extent that materials designated

26  "HIGHLY RESTRICTED CONFIDENTIAL" are made available for inspection in

27  this action, the materials shall be made available for inspection in native electronic

28  format and access to such materials will be given only to those individuals for the

receiving party who are designated under paragraph 15.a and 15.e above, and only on "stand-alone" secured systems (i.e., computer systems not connected to a network or the Internet) maintained in the sole control and custody of counsel of record for the producing party and shall be maintained in the United States at a mutually agreed office of counsel of record for the producing party.  If counsel of record for the producing party has an office in the Silicon Valley, California area, the producing party will make the secured computer system available at that office, unless another arrangement is mutually agreed upon by the producing party and the receiving party (or parties).  If counsel of record for the producing party does not have an office in the Silicon Valley, California area, the producing party will make the secured computer system available at a mutually agreed office of outside counsel for the producing party.  The producing party will accommodate reasonable requests by the receiving party to install source code analysis tools, applications, and/or utilities provided by the receiving party on the secured computer system.

17.   <u>Review of Source Code.</u>  The receiving party's consultant or testifying experts shall not alter, dismantle, disassemble or modify the secure computer in any way, and shall not attempt to circumvent any security feature of the computer.

18.   The receiving party shall not have the right to, and agrees not to, copy, transmit or duplicate HIGHLY RESTRICTED CONFIDENTIAL materials in any manner, including scanning or otherwise creating an electronic image of the HIGHLY RESTRICTED CONFIDENTIAL materials, except as set forth herein:

a.   A printer shall be attached to the Standalone Computer and the receiving party may print hard copies of source code as needed by the receiving party for use in judicial filings or proceedings, expert reports, and depositions of persons or entities permitted to access "HIGHLY RESTRICTED CONFIDENTIAL" material.  The receiving party may also print hard copies of output files generated by source code analysis tools, applications, and/or utilities. The producing party shall provide paper for the printer that has been pre-marked by

1  the producing party with production numbers.  The producing party shall use such

2  pre-marked paper for printing the hard copies of source code as needed by the

3  receiving party for use in judicial filings or proceedings, or expert reports.  The

4  producing party may retain a copy of the hard copies of source code printed by the

5  receiving party.  Should it become necessary, the producing party and the receiving

6  party shall negotiate reasonable limitations on the number of pages of source code

7  that may be printed by the receiving party.

8          b.  Any hard copies shall be conspicuously marked HIGHLY

9  RESTRICTED CONFIDENTIAL in conformity with paragraphs 8-12 above.

10          c.  The receiving party shall keep a log including: (a) the custodian

11  of each copy of any HIGHLY RESTRICTED CONFIDENTIAL materials; and (b)

12  the name of all persons other than outside counsel of record accessing HIGHLY

13  RESTRICTED CONFIDENTIAL materials.

14          d.  All HIGHLY RESTRICTED CONFIDENTIAL materials,

15  including all copies thereof, in the possession of the Receiving Party shall be

16  maintained in a secured, locked area.

17          e.  All HIGHLY RESTRICTED CONFIDENTIAL materials

18  utilized during deposition or marked as an exhibit at a deposition will be retrieved

19  by the party conducting the deposition at the end of each day.  At no time will any

20  HIGHLY RESTRICTED CONFIDENTIAL material be given to or left with the

21  court reporter, videographer, or any other individual not authorized under the

22  Protective Order to retain such HIGHLY RESTRICTED CONFIDENTIAL

23  material.

24          f.  The receiving party shall not convert any of the information

25  contained in any hard copies of HIGHLY RESTRICTED CONFIDENTIAL

26  material into an electronic format, except when reproducing specifically identified

27  excerpts of the information in an expert report or court filing, and then only

28  according to the additional restrictions on HIGHLY RESTRICTED

CONFIDENTIAL materials contained in this Protective Order. In the event that a receiving party includes HIGHLY RESTRICTED CONFIDENTIAL material in an expert report, the HIGHLY RESTRICTED CONFIDENTIAL material must be redacted from the version of the expert report served on all parties other than the producing party.  The redacted version must be served on the other parties within two days of the date on which the unredacted version is served on the producing party.  In the event that a receiving party includes HIGHLY RESTRICTED CONFIDENTIAL material in a court filing, the HIGHLY RESTRICTED CONFIDENTIAL material shall only be filed under seal in accordance with paragraph 24.  Further, the receiving party shall not serve the HIGHLY RESTRICTED CONFIDENTIAL material on any party other than the producing party, but instead shall prepare a redacted version of the filing with the HIGHLY RESTRICTED CONFIDENTIAL material excluded, and shall serve that redacted version on all parties other than the producing party within two days of the date on which the unredacted version is served on the producing party.

19.    Should the Review procedures described herein become unduly burdensome or impracticable to the Parties, the Parties shall timely confer in good faith with a view to modifying these Review procedures.

## Export Control Requirements

20.    Notwithstanding anything to the contrary contained herein, the following additional requirements apply to all Confidential Materials:

a.    The receiving party acknowledges that the Confidential Materials received under this Protective Order may be subject to export controls under the laws of the United States and other applicable laws.  The receiving party shall comply with such laws and agrees not to knowingly export, re-export or transfer Confidential Materials of the producing party without first obtaining all required United States or any other applicable authorizations or licenses.  The receiving party acknowledges that Confidential Materials disclosed by the

producing party may be subject to, including but not limited to, the U.S. Export Administration Regulations (EAR), Export Control Classification Number (ECCN) 5E001 pertaining to Dynamic Adaptive Routing, Optical Switching, SS7, non-aggregated port speed data transfer rates exceeding 15Gbps; and ECCN 5E002 cryptography.

b.      The receiving party agrees to maintain adequate controls to prevent nationals of countries listed in the EAR, Part 740 Supplement No. 1, Country Group D:1 or E from accessing the producing party's Confidential Materials, subject to ECCN 5E001; or nationals outside the U.S. and Canada from accessing such Confidential Materials, subject to ECCN 5E002 -- without U.S. Government authorization.  The receiving party furthermore, agrees to notify the producing party prior to granting a foreign national, of countries listed in the groups D:1 or E, access to the Standalone Computer, access to hard copes of Confidential Materials, or placement on a project requiring receipt or review of the producing party's Confidential Materials.  The term "national" is defined as any person who is not a U.S. person or national/citizen, lawful permanent resident, person granted asylee or refugee status, or temporary resident granted amnesty.

**Limited Patent Prosecution By Receiving Party**

21.      The Plaintiff, any individual attorney representing Plaintiff, whether in-house or outside counsel, and any individual person retained by Plaintiff or attorneys of Plaintiff who obtains, receives, has access to, or otherwise learns, in whole or in part, technical information designated CONFIDENTIAL — OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL under this Protective Order shall not prepare, prosecute, supervise, or assist in the prosecution of any patent application that claims the subject matter disclosed in the patent(s)-in-suit, or subject matter directly related to remote or distributed learning systems, within three (3) years from disclosure of the technical information or one (1) year after conclusion of the litigation (including any appeals), whichever period is

1  longer.  An attorney associated by law firm with the attorneys representing Plaintiff

2  shall not be bound by this restriction unless such attorney obtains, receives, has

3  access to, or otherwise learns, in whole or in part, information designated

4  CONFIDENTIAL — OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED

5  CONFIDENTIAL.  To ensure compliance with the purpose of this provision,

6  Plaintiff shall create an ethical wall between those persons with access to technical

7  information designated CONFIDENTIAL — OUTSIDE COUNSEL ONLY or

8  HIGHLY RESTRICTED CONFIDENTIAL and those individuals who prepare,

9  prosecute, supervise, or assist in the prosecution of any patent application

10  pertaining to the same subject matter of the patent(s)-in-suit.

11  **Limited Outside Disclosure Of Confidential Material**

12       22.    Trial counsel desiring to disclose Confidential Materials of another

13  party to experts or consultants specified in paragraph 15.e above shall first obtain a

14  signed undertaking, in the form of Exhibit A attached hereto, from each such expert

15  or consultant, and such counsel shall retain in his/her files the original of each such

16  signed undertaking.  A copy of the signed undertaking shall be forwarded to

17  counsel for the disclosing party with the current curriculum vitae for such expert or

18  consultant, a list of their past, current, and anticipated consulting or other

19  employment relationships, a list of the cases in which they have testified

20  (deposition or trial) within the last four years, and all prior and/or present

21  relationships with the parties in this case.  No Confidential Materials of another

22  party shall be disclosed to such expert or consultant until after the expiration of a

23  seven (7) calendar day period commencing with the service of a copy of the signed

24  undertaking and curriculum vitae.  During that seven (7) day period, the parties may

25  meet and confer to resolve any objections to the disclosure and, if the parties cannot

26  resolve the objection, the objecting party shall be entitled to seek a Court resolution.

27  If after the expiration of the seven (7) day period the objecting party has not sought

28  a Court order preventing disclosure, trial counsel may disclose the confidential

information to the expert or consultant identified in the signed undertaking.

23.     The restrictions on the use of Confidential Materials established by this Protective Order are applicable only to the use of information received by a party from another party or from a non-party.  A party is free to use its own information as it pleases.

24.     Any party may file or lodge with the Court documents or tangible items designated as CONFIDENTIAL — OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL.  Any briefs, transcripts, exhibits, depositions, or documents which are filed with the Court which comprise, embody, summarize, discuss, or quote from documents or tangible things designated as CONFIDENTIAL — OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL material shall be sealed to the extent permitted by and in accordance with Local Rule 79-5.  Where reasonably practicable, only the portions of documents consisting of such items or information shall be lodged under seal.

25.     The acceptance by a party of documents designated as CONFIDENTIAL — OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL shall not constitute an agreement, admission or concession, or permit an inference, that the material(s) are in fact properly the subject for protection under Fed. R. Civ. P. 26(c), or some other basis.  Documents designated CONFIDENTIAL — OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL shall be treated in accordance with the provisions of this Protective Order, except that any party may at any time seek an Order from the Court determining that specified information or categories of information are not properly designated as CONFIDENTIAL — OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL.  Before making such a motion, the parties shall meet and confer in good faith to resolve any differences over the designation.  In response to the filing of such a motion, the party asserting confidentiality shall have the burden of proving that the Confidential Material in

1   question is protectable under Fed. R. Civ. P. 26(c) or some other basis, or, as the

2   case may be, that the designation of CONFIDENTIAL — OUTSIDE COUNSEL

3   ONLY or HIGHLY RESTRICTED CONFIDENTIAL is necessary under the

4   circumstances.  A party shall not be obligated to challenge the propriety of a

5   designation of Confidential Material at the time made, and failure to do so shall not

6   preclude subsequent challenge.  Should any party (or non-party) seek an Order from

7   the Court to determine whether specified information or categories of information

8   are not properly designated as CONFIDENTIAL — OUTSIDE COUNSEL ONLY

9   or HIGHLY RESTRICTED CONFIDENTIAL, the claimed designation shall

10  remain operative and respected by all the parties and non-parties pending the

11  Court's ruling.

12      26.     Nothing in this Protective Order shall require disclosure of material

13  that a party contends is protected from disclosure by the attorney-client privilege or

14  the attorney work-product immunity, or any other applicable privilege or protection

15  (e.g., common interest, joint defense).  This shall not preclude any party from

16  moving the Court for an Order directing the disclosure of such material.

17      27.     Inadvertent production or disclosure of documents or information

18  subject to the attorney-client privilege, work product immunity, or any other

19  applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim

20  that such or related material is privileged or protected by the work product

21  immunity or any other applicable privilege.  A producing party may notify the

22  receiving party in writing that produced documents or information are subject to the

23  attorney-client privilege, work product immunity, or any other applicable privilege

24  and that such documents were inadvertently produced.  Within five (5) business

25  days of this notice, the receiving party shall return or destroy all such documents or

26  information and all copies thereof, including those that have been shared with

27  experts, consultants, and vendors, and confirm in writing that all such documents or

28  information have been returned or destroyed.  In the absence of a court order

ordering production of the returned documents, no use shall be made of such documents during depositions, through motion practice, or at trial.  In the case of such returned production, the producing party shall provide a privilege log identifying such documents or information within ten (10) business days of its original notice to the receiving party.  The receiving party may move the Court for an Order compelling production of any such documents or information in accordance with the Federal Rules of Civil Procedure.  That motion shall not assert as a ground for production the fact of the earlier production nor shall the motion disclose or otherwise use the content of the previously produced and returned documents or information except to disprove a claim of privilege or work product immunity.  Any portion of the motion that discloses or uses the content of the previously produced and returned documents or information to disprove a claim of privilege or work product immunity shall be redacted from the public record and filed *in camera*.

28.     In the event of any accidental or inadvertent disclosure of Confidential Material other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all the pertinent facts, and make every effort to prevent further unauthorized disclosure including retrieving all copies of the Confidential Material from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Confidential Material in any form.  Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

29.     In addition to the specific requirements set forth in paragraph 16 hereof regarding the handling of HIGHLY RESTRICTED CONFIDENTIAL materials, the recipient of any Confidential Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Material as is exercised by the recipient with respect to its own Confidential Material and to confidential information of a similar

1   nature, but in no event less than due care.  Each recipient of any Confidential

2   Material hereby agrees to be subject to the jurisdiction of this Court for purposes of

3   the implementation and enforcement of this Protective Order.

4        30.    This Protective Order shall not prevent the parties from applying to the

5   Court for relief therefrom or modification thereto, or from applying to the Court for

6   further or additional relief by way of protective orders or otherwise, or from

7   agreeing between themselves to modifications of this Protective Order.

8        31.    Confidential Materials shall be used solely for the purposes of this

9   Litigation and shall not be used for any other purpose except as expressly provided

10   herein or by further Order of the Court.  Those persons subject to this Order,

11   including Outside Counsel, shall exercise reasonable care to ensure that information

12   protected under this Order is used only for the purposes specified herein, and

13   disclosed only to authorized persons.

14        32.    In the event that a party desires to provide access to or disseminate

15   Confidential Materials to any person not entitled to access under this Protective

16   Order, it may move the Court for an order that such person be given access thereto

17   if the parties cannot, after negotiating in good faith, agree to such additional access

18   or dissemination.

19        33.    Within thirty (30) days after the final conclusion of this Litigation

20   ("Termination of Litigation"), including any appeals, all Confidential Materials

21   (except HIGHLY RESTRICTED CONFIDENTIAL materials) produced by any

22   party, and all copies of such information, shall be returned to the producing party,

23   or counsel of record shall certify in writing that such material has been destroyed.

24   Within ten (10) days after the final conclusion of this Litigation, including any

25   appeals, all HIGHLY RESTRICTED CONFIDENTIAL materials produced by any

26   party shall be returned to the producing party along with certification by outside

27   counsel of record and any other individuals who accessed such materials that all

28   such materials have been returned.  Counsel of record may retain a copy of all

1   correspondence, pleadings, motion papers, discovery responses, deposition and trial

2   transcripts, legal memoranda, work product and any document that has been filed

3   with the Court under seal.

4       34.    This Protective Order shall survive the final termination of this

5   Litigation with respect to any retained Confidential Materials.

6       35.    Nothing in this Protective Order shall prevent or otherwise restrict

7   outside counsel from rendering advice to their clients and, in the course thereof,

8   relying generally on Confidential Material; provided, however, that in rendering

9   such advice counsel shall not disclose, reveal or describe any such materials except

10   insofar as allowed (if allowed at all) under the terms of this Order.

11       36.    If a party wishes to use Confidential Material at the examination by

12   deposition of any witness not entitled to have access to such Confidential Materials,

13   such Party shall obtain the consent of the producing party, in advance, and the

14   failure of the examining attorney to obtain such consent or order of the Court shall

15   not be grounds for delaying the deposition.  Where Confidential Material may be

16   revealed or referred to in a question that will be put to the witness at a deposition

17   upon oral examination or Confidential Materials will be used as exhibits during the

18   examination, the producing party may require that all persons in attendance who are

19   not entitled access to such Confidential Material under this Protective Order leave

20   the room until such line of inquiry is completed.  Where Confidential Material may

21   be revealed or referred to in a question that will be put to the witness at trial upon

22   oral examination or Confidential Materials will be used as exhibits during the

23   examination, the producing party may request that the Court require that all persons

24   in attendance who are not entitled access to such Confidential Material under this

25   Protective Order leave the courtroom until such line of inquiry is completed.

26       37.    No copy of any transcript of any deposition which is designated, in

27   part or in whole, as CONFIDENTIAL — OUTSIDE COUNSEL ONLY or

28   HIGHLY RESTRICTED CONFIDENTIAL shall be furnished by the court reporter

to any person other than to counsel of record and counsel for a non-party, if the furnished transcript is of the non-party's own deposition.  The original of any transcript of any deposition designated as CONFIDENTIAL — OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL, if required to be filed, shall be filed with the Court under seal in accordance with paragraph 24 hereof, unless otherwise agreed by the producing party.

38.    The terms of this Protective Order may be applied to the Confidential Materials of a non-party, as long as that non-party agrees in writing to be bound by the terms of this Protective Order.

39.    If Designated Information in the possession, custody, or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, the receiving party to whom the discovery request or compulsory process is directed shall within three (3) business days after receipt thereof give written notice by hand, certified mail, facsimile, or electronic transmission of such discovery request or compulsory process to the producing party, and provide the producing party with a copy of the discovery request or compulsory process.  If the producing party timely makes a motion to quash, and to the extent permitted by law, the receiving party shall withhold such Designated Information until disposition of any such motion to quash.

40.    By affixing their signatures below, the parties agree to abide by the terms of this Stipulation until this Protective Order or a further protective order is entered by the Court.  Upon the signing of this Order by the District Court Judge, this Protective Order shall be effective as against all party signatories hereto as of the date of such signature of that party or party's representative, thereby rendering this Protective Order effective nunc pro tunc to the date of such party's signature.

**STIPULATED TO AND SUBMITTED BY:**

1

Dated:       January 17, 2012        /s/ Brett J. Williamson

2
Brett J. Williamson
O'Melveny & Myers LLP

3
William C. Norvell, Jr.
Beirne, Maynard & Parsons, LLP

4

5
Attorneys for Plaintiff and Counterdefendant
Richard A. Williamson, As Trustee And On
Behalf Of At Home Bondholders' Liquidating
Trust

6

7

8
Dated:       January 17, 2012        /s/ Tal Kedem
Frank E. Scherkenbach
Nancy L. Stagg
Kurt L. Glitzenstein
Indranil Mukerji
Tal Kedem

9

10

11
Attorneys for Defendants and Counterclaimants
Adobe Systems, Inc, Citrix Online LLC and
Citrix Systems, Inc., and Microsoft Corporation

12

13

14
Dated:       January 17, 2012        /s/ Doug Kubehl

Doug Kubehl  (pro hac vice)
Kurt Pankratz (pro hac vice)

15

16
Brett Mangrum (pro hac vice)

Travis Thomas

17
Kevin Cadwell

18
Baker Botts L.L.P

19
Attorneys for Defendants and Counterclaimants
WebEx Communications, Inc., Cisco WebEx
LLC, and Cisco Systems, Inc.

20

21
Dated:       January 17, 2012        /s/ Gregory S. Bishop

22
Gregory S. Bishop
Goodwin Procter LLP

23
Mark J. Abate (pro hac vice)
Goodwin Procter LLP

24
Attorneys for Defendant and Counterclaimant
International Business Machines Corporation

25

26

27

28

20          CASE NO. CV11-02409 AHM (JEMX)
            [PROPOSED] STIPULATED PROTECTIVE ORDER

1    Dated:        January 17, 2012        /s/ Jose C. Villarreal

2                                         Jose C. Villarreal (pro hac vice)
                                          Wilson, Sonsini, Goodrich & Rosati
3
                                          Melvin N.A. Avanzado
4                                         The Avanzado Law Firm

                                          Attorneys for Defendants and Counterclaimants
5                                         Salesforce.com, Inc. and DimDim, Inc.

6
     Dated:        January 17, 2012        /s/ Fay E. Morisseau
7
                                          Fay E. Morisseau
8                                         McDermott Will & Emery

                                          Attorneys for Defendants and Counterclaimants
9                                         Blackboard, Inc., Elluminate USA, Inc., and
                                          Wimba, Inc.
10

11   Dated:        January 17, 2012        /s/ Micah R. Jacobs

12                                        Micah R. Jacobs
                                          Jacobs Law Group SF
13
                                          Attorneys for Defendant and Counterclaimant
                                          WYBS, Inc. d.b.a. MerchantCircle, Inc.
14

15   Dated:        January 17, 2012        /s/ Douglas G. Muehlhauser

16                                        Douglas G. Muehlhauser
                                          Knobbe Martens Olson & Bear
17
                                          Attorneys for Defendant FuzeBox, Inc.
18
     Dated:        January 17, 2012        /s/ Joseph M. Paunovich
19
                                          Joseph M. Paunovich
20                                        Quinn Emanuel Urquhart and Sullivan LLP

                                          Attorneys for Defendant and Counterclaimant
21                                        Tokbox Inc.

22

23

24

25

26

27

28

CASE NO. CV11-02409 AHM (JEMX)
                                          [PROPOSED] STIPULATED PROTECTIVE ORDER

Based on the stipulation of the parties and for good cause shown, IT IS SO ORDERED.

Dated:  January 19, 2012

/s/John E. McDermott
Hon. John E. McDermott
U.S. Magistrate Judge

# EXHIBIT A

### INSERT CAPTION
### UNDERTAKING CONCERNING RECEIPT OF CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER

I, _____, declare that:

1.      My present residential address is _____

_____.

2.      My present employer is _____

and the address of my present employer is _____

_____.

3.      My present occupation or job description is _____

_____.

4.      I have received and carefully read the Protective Order in this Litigation dated _____, and understand its provisions.  As a condition precedent to receiving any Confidential Materials, as such are defined in the Protective Order, I agree to subject myself to the personal jurisdiction of this Court with respect to the enforcement of the provisions of the attached Protective Order.  I understand that I am obligated, under Order of the Court, to hold in confidence and not to disclose the contents of any document marked or later designated pursuant to the Protective Order as CONFIDENTIAL — OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL to anyone other than those persons authorized under this Protective Order to review such information.  I further understand that I am not to disclose to persons other than those persons authorized under this Protective Order to review such information any words, substances, summaries, abstracts or indices of Confidential Materials or transcripts disclosed to me.  In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

CASE NO. CV11-02409 AHM (JEMX)
[PROPOSED] STIPULATED PROTECTIVE ORDER

5.      At the termination of this Litigation or at any time requested by counsel of record in this Litigation, I will return to counsel of record in this Litigation all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials including or reflecting Confidential Materials which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

6.      I understand that if I violate the provisions of this Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil Litigation for damages by the disclosing party.

7.      I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on: _____      Name:_____

CASE NO. CV11-02409 AHM (JEMX)
[PROPOSED] STIPULATED PROTECTIVE ORDER