O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2409 AHM (JEMx) | Date | June 29, 2012 |
|---|---|---|---|
| Title | RICHARD A. WILLIAMSON V. CITRIX ONLINE LLC | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

Defendants Salesforce.com, Inc. and Dimdim, Inc., (collectively, "Salesforce") have moved to be dismissed for misjoinder pursuant to Fed. R. Civ. P. 21.[1] For the following reasons, the Court GRANTS Salesforce's motion for dismissal.

## I. BACKGROUND

On March 22, 2011, Plaintiff Richard A. Williamson filed this case, which alleges that Salesforce and twelve other defendants infringed on U.S. Patent No. 6,155,840 ("the '840 patent"). The '840 patent pertains to remote meeting technology. It describes a "System And Method For Distributed Learning," which provides "training through the use of multiple streaming video feeds and data sharing over a network . . . ." Plaintiff contends that Salesforce infringes the '840 patent with two specified products: (1) Salesforce's old, remote meeting technology ("legacy software"), and (2) a service integrating Salesforce's cloud computing platform with Defendant Adobe System Inc.'s ("Adobe") remote meeting software ("the integrated service"). *See* Compl. ¶ 43; Pl.'s Opp'n 11, Dkt. 204.

### 1. Salesforce's Legacy Software

Plaintiff alleges that Salesforce's legacy software, which includes web meeting and virtual classroom capabilities, violates the '840 patent. (Compl. ¶ 43.) From December 2008 until its acquisition by Salesforce.com, Inc. in January 2011, Dimdim sold the

---

[1]Dkt. 203.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2409 AHM (JEMx) | Date | June 29, 2012 |
|---|---|---|---|
| Title | RICHARD A. WILLIAMSON V. CITRIX ONLINE LLC | | |

legacy software. (Corrected Mot. to Dismiss 2.) Salesforce claims that it no longer sells the legacy software to new customers and has not done so since the acquisition of Dimdim on January 6, 2011. (Corrected Mot. to Dismiss 2.) While there is no dispute that Salesforce.com, Inc. could have successor liability for Dimdim, Inc.'s conduct, Plaintiff has made no contention that any other Defendant has been involved in any stage of the development or distribution of the legacy software. Thus, Plaintiff's claims with regard to the legacy software are confined to Salesforce and have no bearing on the liability of any other Defendant.

    **2.**    **The Adobe–Salesforce Integrated Service**

    Plaintiff mentioned the integrated service for the first time in his opposition to this motion. The opposition is not clear about what the integrated service actually is or how it functions. As best as the Court can understand, the integrated service consists of two combined parts: (1) Salesforce's platform, which Plaintiff does not claim to be infringing, and (2) Adobe Connect, a product made and sold by Adobe, which Plaintiff does claim to be infringing the '840 patent. (Compl. ¶ 42.) Envisiontel, a third party, stitched together these two parts to form the integrated service. (Pl.'s Opp'n 4; Defs.' Reply 14.). Plaintiff argues that the integrated service infringes the '840 patent because Adobe Connect is part of it (Pl.'s Opp'n 4) and that Salesforce infringes "by facilitating the use of Adobe Connect within Salesforce.com." (Pl's Opp'n 11.) Plaintiff admits, however, that Adobe, and not Salesforce, is the seller. (Pl.'s Opp'n 4.)

    Prior to his opposition to this motion, Plaintiff made no mention of the integrated service or of a connection between Salesforce and any other Defendant. During discovery, in an interrogatory, Defendant asked Plaintiff to list his contentions regarding infringement of the '840 patent by each accused Salesforce product. (Decl. of Aden M. Allen Ex. 2, at 2.) In response Plaintiff mentioned *only* the legacy product but did not mention Adobe or the integrated service.[2] (Defs.' Reply 10.) Salesforce further contends that during the meet and confer process for this motion, Plaintiff never mentioned any

---

    [2]In his response to the interrogatory, Plaintiff objected to the interrogatory as premature, and he provided a response "subject to supplementation, modification, and/or amendment based on further information to be obtained through fact and expert discovery and claim construction proceedings." (Decl. of Aden M. Allen Ex. 2, at 3.)

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2409 AHM (JEMx) | Date | June 29, 2012 |
|---|---|---|---|
| Title | RICHARD A. WILLIAMSON V. CITRIX ONLINE LLC | | |

connection between Salesforce and any other Defendant. (Defs.' Reply 11.) Moreover, Plaintiff has made no assertion that Salesforce and Adobe share any other relationship, have any licensing or technology agreement with each other, use identically sourced components, or have products that overlap in their development and manufacture.

## II. LEGAL STANDARD

An improperly joined defendant may be dismissed from an action under Fed. R. Civ. P. 21. *See In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012). In analyzing dismissal of a defendant under Rule 21, the Court applies the requirements of Rule 20. *See id.* Rule 20 has two independent requirements for proper joinder of parties as defendants: (1) any right to relief must be "asserted against them jointly, severally, or in the alternative with respect to or arising out of the *same transaction, occurrence, or series of transactions or occurrences*," and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a) (emphasis added); *see also In re EMC Corp.*, 677 F.3d at 1356.

In patent infringement cases, Federal Circuit law governs whether a defendant should be dismissed from an action for improper joinder. *See id.* at 1354 ("[M]otions to sever are governed by Federal Circuit law because joinder in patent cases is based on an analysis of the accused acts of infringement, and this issue involves substantive issues unique to patent law."). In a patent infringement case, in order for a right to relief to arise out of the same transaction or occurrence a logical relationship must exist between the causes of action against each defendant. *Id.* at 1358. Satisfying this logical relationship test requires more than the mere sameness of the defendants' products. *Id.* at 1359. "[T]he defendants' allegedly infringing acts, which give rise to the individual claims of infringement, must *share* an aggregate of operative facts" to be part of the same transaction or occurrence under Rule 20. *Id.* at 1358.

To determine whether there is a shared aggregate of operative facts, the Federal Circuit has held that the Court may consider the following factors:[3]
>[1] whether the alleged acts of infringement occurred during the same time period, [2] the existence of some relationship among the defendants, [3]

---
[3] These factors are not exhaustive. *See In re EMC Corp.*, 677 F.3d at 1359.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2409 AHM (JEMx) | Date | June 29, 2012 |
|---|---|---|---|
| Title | RICHARD A. WILLIAMSON V. CITRIX ONLINE LLC | | |

      the use of identically sourced components, [4] licensing or technology agreements between the defendants, [5] overlap of the products' or processes' development and manufacture, and [6] whether the case involves a claim for lost profits. The district court enjoys considerable discretion in weighing the relevant factors.

*Id.* at 1359–60.

### III. ANALYSIS

#### 1. The Legacy Software

Plaintiff does not allege in the pleadings or argue in the opposition to this motion that the legacy software is the result of a coordinated or concerted effort with any other Defendant in this action. Other than the mere alleged "sameness" of the legacy software and other Defendants' various products, Plaintiff does not offer any "shared operative facts" that give rise to the claims of infringement. The Federal Circuit has reasoned that without such operative facts, "the sameness of the accused products is not sufficient" to meet the requirements of Rule 20. *See id.* at 1359. Accordingly, the legacy software alone cannot form the basis for joinder of Salesforce.

#### 2. The Integrated Service

      A.    The Complaint Does Not Allege That the Integrated Service Infringes the Patent

In his opposition to this motion, Plaintiff asserts for the first time that Salesforce and Adobe acted in concert in infringing the '840 patent. (Pl.'s Opp'n 4–5, 11, Jan. 9, 2012.) Specifically, Plaintiff made no reference to the integrated service in his Complaint, his interrogatory responses, or during the meet and confer with Salesforce regarding this motion.

Moreover, August 29, 2011 was the last date to amend the pleadings,[4] unless

---

[4] Although the Scheduling Order (Dkt. 178) states that August 29, 2012 is the last day to amend the pleadings, the Hearing Transcript of the Scheduling Conference (Dkt. 184) makes clear that the

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2409 AHM (JEMx) | Date | June 29, 2012 |
|---|---|---|---|
| Title | RICHARD A. WILLIAMSON V. CITRIX ONLINE LLC | | |

Plaintiff "discover[s] something in discovery that all together [sic] changes the whole framework for going after all these deep pockets." (Hr'g Tr. 32:9–11, Aug. 29, 2011, Dkt. 184.) Salesforce asserts, and Plaintiff does not deny, that the new contentions about Adobe and Salesforce in Plaintiff's opposition are not based on discovery. Instead, the contentions are based on public information that has been available to Plaintiff since the allegedly infringing activity occurred. (Defs.' Reply 10.) Since the contentions of concerted activity have not been properly pled, they cannot form the basis for joinder of Salesforce.

    B.  Joinder Is Improper Even if the Court Considers Plaintiff's Allegations About the Integrated Service

  Even considering the arguments in Plaintiff's opposition to this motion, Plaintiff still has not shown that joinder is proper with respect to the integrated service. Plaintiff has made no claim that Salesforce and *any* other Defendant have entered into a licensing or technology agreement, made or sold a product whose development or manufacture overlaps, or used any identically sourced components. Plaintiff only alleges that a third party, Envisiontel, stitched together Salesforce's noninfringing platform and Adobe's infringing product to create an infringing integrated service. Other than the claim that Adobe sells the infringing product, Plaintiff has made no argument that any other Defendant has done *anything* in connection with Salesforce.

  This case is similar to *In re EMC Corp.*, in which multiple companies were sued for infringing off-site computer data storage patents. 677 F.3d at 1353. In developing a test for joinder in patent infringement cases, the Federal Circuit reasoned that allowing joinder without a logical relationship between the separate causes of action would be prejudicial to defendants by denying them the opportunity to present individualized defenses, including on issues of infringement and on questions of claim construction. *See id.* at 1355. Here, Salesforce has been lumped in with twelve other defendants, even though no logical relationship exists between Salesforce and any Defendant other than Adobe, and the claimed relationship between Adobe and Salesforce is neither logical nor clear. Accordingly, joinder of Salesforce in this action was improper.

---

pleadings were deemed final at the hearing on August 29, 2011. The 2012 date was a typo.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2409 AHM (JEMx) | Date | June 29, 2012 |
|---|---|---|---|
| Title | RICHARD A. WILLIAMSON V. CITRIX ONLINE LLC | | |

## IV.   CONCLUSION

Based on the foregoing, the Court DISMISSES Salesforce.com, Inc. and Dimdim, Inc. from this action.

No hearing is necessary.  Fed. R. Civ. P. 78; Local Rule 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |