JS-6

1  BRETT J. WILLIAMSON (S.B. #145235)
   bwilliamson@omm.com
2  GEOFFREY H. YOST (S.B. #159687)
   gyost@omm.com
3  O'MELVENY & MYERS LLP
   610 Newport Center Drive, 17th Floor
4  Newport Beach, CA 92660
   Telephone:   (949) 760-9600
5  Facsimile:   (949) 823-6994

6  WILLIAM C. NORVELL, JR. (*pro hac vice*)
   wcnorvell@bmpllp.com
7  SCOTT D. MARRS (*pro hac vice*)
   smarrs@bmpllp.com
8  BEIRNE, MAYNARD & PARSONS L.L.P.
   1300 Post Oak Boulevard, Suite 2500
9  Houston, TX 77056
   Telephone:   (713) 623-0887
10 Facsimile:   (713) 960-1527

11 Attorneys for Plaintiff and Counterdefendant
   Richard A. Williamson, on behalf of and as
12 Trustee for At Home Bondholders' Liquidating
   Trust
13
                **UNITED STATES DISTRICT COURT**
14
               **CENTRAL DISTRICT OF CALIFORNIA**
15

16 RICHARD A. WILLIAMSON, ON          Case No. CV11-02409 AHM (JEMx)
   BEHALF OF AND AS TRUSTEE
17 FOR AT HOME BONDHOLDERS'
   LIQUIDATING TRUST,                **STIPULATED FINAL  JUDGMENT**
18
              Plaintiff,             Judge:  Hon. A. Howard Matz
19
          v.
20
   CITRIX ONLINE, LLC, *et al.*,
21
              Defendants.
22
23 AND RELATED COUNTERCLAIMS.
24
25
26
27
28

**STIPULATED FINAL JUDGMENT**

In the Court's September 4, 2012 Claim Construction Order (ECF No. 353) ("Markman Order"), the Court made the following rulings:

      (a)    The "distributed learning control module" limitation in claim 8 of U.S. Patent No. 6,155,840 ("the '840 patent") is a means-plus-function claim limitation with the following three functions: "(1) receiving communications transmitted between the presenter and the audience member computer systems, (2) relaying the communications to an intended receiving computer system, and (3) coordinating the operation of the streaming data module";

      (b)    "there is no structure identified in the specification for the final step of 'coordinating' the operation of the streaming data module" and therefore "[t]he 'distributed learning control module' term is indefinite because the specification fails to disclose a corresponding structure";

      (c)    the term "graphical display representative of a classroom" in independent claim 1 of the '840 patent means "a pictorial map illustrating an at least partially virtual space in which participants can interact, and that identifies the presenter(s) and the audience member(s) by their locations on the map"; and

      (d)    the term "first graphical display comprising . . . a classroom region" in independent claim 17 of the '840 patent means "first graphical display comprising: . . . a display region for a pictorial map illustrating an at least partially virtual space in which participants can interact, and that identifies the presenter(s) and the audience member(s) by their locations on the map."

STIPULATED FINAL JUDGMENT
CV11-02409 AHM (JEMX)

On October 19, 2012, Plaintiff and Defendants made the following stipulations:

(a)   None of the Defendants infringe claim 1 of the '840 patent or any of its dependent claims, pursuant to the Court's claim construction rulings set forth above, because, under those rulings, none of the Defendants' accused products includes a "pictorial map illustrating an at least partially virtual space in which participants can interact, and that identifies the presenter(s) and the audience member(s) by their locations on the map."

(b)   None of the Defendants are liable for infringement of claim 8 of the '840 patent or any of its dependent claims 9-16, pursuant to the Court's claim construction rulings set forth above, because, under those rulings, claim 8 and its dependent claims have been held invalid as indefinite.

(c)   None of the Defendants infringe claim 17 of the '840 patent or any of its dependent claims, pursuant to the Court's claim construction rulings set forth above, because, under those rulings, none of the Defendants accused products includes a "first graphical display comprising: . . . a display region for a pictorial map illustrating an at least partially virtual space in which participants can interact, and that identifies the presenter(s) and the audience member(s) by their locations on the map."

(ECF No. 470.)  These stipulations were "to facilitate the immediate appeal of the Court's claim construction rulings," limited to "those claim construction rulings that are case dispositive and specifically discussed in [the] stipulation."  (*Id.*) Defendants further stipulated that they would not move for costs and attorneys' fees until after resolution of the contemplated appeal. (*Id.*)  Defendants contend that there are additional grounds for non-infringement and invalidity of all of the claims

3

1     of the '840 patent, and reserve their right to assert such additional grounds in the

2     event that the appellate court remands the case to the District Court or refuses to

3     hear the merits of the appeal.

4          On October 22, 2012, the Court vacated all remaining deadlines pending the

5     Court's decision on Plaintiff's Motion for Reconsideration, and ordered the parties

6     to submit a proposed form of judgment pursuant to Fed. R. Civ. P. 58 consistent

7     with the terms of their stipulation. (ECF No. 472.)

8          On November 8, the Court denied Plaintiff's motion seeking reconsideration

9     of the Court's claim construction rulings. (ECF No. 475.)

10         In accordance with the above, and good cause having been shown, the Court

11    hereby enters Final Judgment in this matter as follows:

12         It is hereby ORDERED, ADJUDGED and DECREED that:

13        1.      FINAL JUDGMENT with respect to Plaintiff's claims of infringement

14                    of the '840 Patent against WebEx Communications, Inc., Cisco

15                    WebEx LLC, and Cisco Systems, Inc. (collectively, "Cisco") is

16                    entered against Plaintiff and in favor of Cisco, and Plaintiff shall take

17                    nothing of and from its claims of infringement of the '840 Patent

18                    against Cisco. All of Cisco's counterclaims are dismissed without

19                    prejudice, without waiving Cisco's right to reassert any or all of these

20                    claims in this action or another, including but not limited to in the

21                    event that the appellate court remands the case to the District Court or

22                    refuses to hear the merits of the appeal.

23        2.      FINAL JUDGMENT with respect to Plaintiff's claims of infringement

24                    of the '840 Patent against Adobe Systems Incorporated ("Adobe") is

25                    entered against Plaintiff and in favor of Adobe, and Plaintiff shall take

26                    nothing of and from its claims of infringement of the '840 Patent

27                    against Adobe. All of Adobe's counterclaims are dismissed without

28                    prejudice, without waiving Adobe's right to reassert any or all of these

STIPULATED FINAL JUDGMENT
CV11-02409 AHM (JEMX)

1    claims in this action or another, including but not limited to in the

2    event that the appellate court remands the case to the District Court or

3    refuses to hear the merits of the appeal.

4    3.    FINAL JUDGMENT with respect to Plaintiff's claims of infringement

5    of the '840 Patent against Citrix Online, LLC and Citrix Systems, Inc.

6    (collectively, "Citrix") is entered against Plaintiff and in favor of

7    Citrix, and Plaintiff shall take nothing of and from its claims of

8    infringement of the '840 Patent against Citrix.  All of Citrix's

9    counterclaims are dismissed without prejudice, without waiving

10   Citrix's right to reassert any or all of these claims in this action or

11   another, including but not limited to in the event that the appellate

12   court remands the case to the District Court or refuses to hear the

13   merits of the appeal.

14   4.    FINAL JUDGMENT with respect to Plaintiff's claims of infringement

15   of the '840 Patent against Microsoft Corporation ("Microsoft") is

16   entered against Plaintiff and in favor of Microsoft, and Plaintiff shall

17   take nothing of and from its claims of infringement of the '840 Patent

18   against Microsoft.  All of Microsoft's counterclaims are dismissed

19   without prejudice, without waiving Microsoft's right to reassert any or

20   all of these claims in this action or another, including but not limited to

21   in the event that the appellate court remands the case to the District

22   Court or refuses to hear the merits of the appeal.

23   5.    FINAL JUDGMENT with respect to Plaintiff's claims of infringement

24   of the '840 Patent against International Business Machines

25   Corporation ("IBM") is entered against Plaintiff and in favor of IBM,

26   and Plaintiff shall take nothing of and from its claims of infringement

27   of the '840 Patent against IBM.  All of IBM's counterclaims are

28   dismissed without prejudice, without waiving IBM's right to reassert

STIPULATED FINAL JUDGMENT
CV11-02409 AHM (JEMX)

1          any or all of these claims in this action or another, including but not

2          limited to in the event that the appellate court remands the case to the

3          District Court or refuses to hear the merits of the appeal.

4    6.    The deadline for the parties to seek recovery of costs (including filing

5          a Notice of Application and proposed Bill of Costs) and/or attorneys'

6          fees is extended to thirty (30) days following issuance of the mandate

7          in any appeal from this Final Judgment.

8    7.    Subject to paragraph 6, all claims between the parties have now been

9          resolved.  This is a final and appealable judgment.

10

11   IT IS SO ORDERED, ADJUDGED, AND DECREED.

12

13   Dated:  November 26, 2012

14

15                              _____

16                              Hon. A. Howard Matz
                                United States District Court Judge

17   JS-6

18

19

20

21

22

23

24

25

26

27

28

STIPULATED FINAL JUDGMENT
CV11-02409 AHM (JEMX)

Dated:          November 26, 2012      /s/ *Brett J. Williamson*

                                       Brett J. Williamson
                                       O'Melveny & Myers LLP

                                       William C. Norvell, Jr.
                                       Beirne, Maynard & Parsons, LLP

                                       Attorneys for Plaintiff and Counterdefendant
                                       Richard A. Williamson, As Trustee And On
                                       Behalf Of At Home Bondholders' Liquidating
                                       Trust

Dated:          November 26, 2012      /s/ *Frank E. Scherkenbach*

                                       Frank E. Scherkenbach
                                       Fish & Richardson PC

                                       Attorneys for Defendants and Counterclaimants
                                       Adobe Systems, Inc., Citrix Online LLC and
                                       Citrix Systems, Inc., and Microsoft Corporation

Dated:          November 26, 2012      /s/ *Douglas Kubehl*

                                       Douglas Kubehl
                                       Baker Botts L.L.P

                                       Attorneys for Defendants and Counterclaimants
                                       WebEx Communications, Inc., Cisco WebEx
                                       LLC, and Cisco Systems, Inc.

Dated:          November 26, 2012      /s/ *Mark J. Abate*

                                       Mark J. Abate
                                       Gregory S. Bishop
                                       Goodwin Procter LLP

                                       Attorneys for Defendant and Counterclaimant
                                       International Business Machines Corporation

### Attestation Pursuant to L.R. 5-4.3.4(a)(2)

I, Brett J. Williamson, attest that all signatories listed and on whose behalf this filing is submitted concur in this filing's content and have authorized this filing.

Dated: November 26, 2012          /s/ *Brett J. Williamson*
                                       Brett J. Williamson

OMM_US:71146136.1

7

STIPULATED FINAL JUDGMENT
CV11-02409 AHM (JEMX)